IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JAMES THOMAS CARLAN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**BIBB COUNTY SHERIFF'S OFFICE** *et al.***,**)<br>)<br>**Defendants.** )<br>_____) | CIVIL ACTION NO. 5:24-cv-453 (MTT) |

## ORDER

Pro se Plaintiff James Thomas Carlan filed this 42 U.S.C. § 1983 action against the Bibb County Sheriff's Office and unnamed "Defendant Officers."  Doc. 1.  Carlan also moved to proceed *in forma pauperis* (IFP).  Doc. 4.  As discussed below, Carlan satisfies the requirements of poverty, and his motion to proceed IFP (Doc. 4) is **GRANTED**.  Following the required review under 28 U.S.C. 1915(e), the Court finds that Plaintiff's complaint is deficient in numerous respects.  Because Plaintiff is proceeding pro se, he will be allowed one opportunity to file an amended complaint.  Should Plaintiff wish to continue with this action, he must file an amended complaint that complies with the instructions shown below within twenty-one days of the entry of this order.

### I. MOTION TO PROCEED IFP

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

"Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP, "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Id*. at 1307.  To show poverty, the plaintiff need not show that he is "absolutely destitute." *Id*. (quoting *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 338-40 (1948)).  Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id*.  Where a plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

Here, Carlan's financial affidavit states that he is unemployed with an average monthly income of $0.00.  Doc. 4 at 1-2.  Accordingly, having read and considered Carlan's financial affidavit, the Court finds that Carlan is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP (Doc. 4) is **GRANTED**.

## II. AMENDED COMPLAINT

Because Carlan is proceeding IFP, the Court must review his complaint under 28 U.S.C. § 1915(e).  Pro se pleadings, such as Plaintiff's complaint, "are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  While the Court shows leniency to pro se litigants, it may not "serve as *de facto* counsel for a [pro se] party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *GJR*

*Investments, Inc. v. Cty. of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S.1937 (2009).

After conducting the § 1915(e) review, the Court finds that Plaintiff's complaint contains numerous deficiencies.  First, Plaintiff has not named a viable defendant.  Plaintiff names the Bibb County Sheriff's Office and unspecified "Defendant Officers" as the only defendants.  Georgia law controls the capacity to be sued.  Fed. R. Civ. P. 17(b).   There are only three classes of legal entities in Georgia: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial person as the law recognizes as being capable to sue.'"  *Georgia Insurers Insolvency Pool v. Elbert Cty*., 368 S.E.2d 500, 502 (Ga. 1988) (*quoting Cravey v. Southeastern Underwriters Ass'n*., 105 S.E.2d 497, 501 (Ga. 1958)).  The Bibb County Sheriff's Office falls into none of these categories and it is, therefore, not subject to suit.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations omitted) (recognizing that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

The Court has no way of identifying and serving with process the unidentified "Defendant Officers."  Doc. 1 at 1.  "[F]ictitious-party pleading is not permitted in federal court."  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted).  The only exception to this rule is when the plaintiff's description of the defendant is so specific that the defendant may be identified for service even though his actual name is unknown.  *Id*. (citing *Dean*, 951 F.2d at 1215-16).  Plaintiff must provide the names of the "Defendant Officers" or a description of each that is specific enough it will allow the officer to be identified and served.

Second, Plaintiff has not linked any defendant to his alleged constitutional violations.  A district court properly dismisses claims where a prisoner fails to state any allegations that connect the alleged constitutional violation with a defendant.  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.,* 621 F.2d 33, 36 (1st Cir. 1980) (affirming dismissal of claims against defendants when plaintiff failed to allege facts that connect those defendants with any claim).  Plaintiff's complaint has nine counts and in none does Plaintiff tell the Court who allegedly violated his constitutional or federal statutory rights.  Doc. 1 at 3-4.

Third, most of Plaintiff's allegations are conclusory and void of factual support.  For example, Plaintiff states all the unnamed "Defendant Officers" retaliated against him and conspired to violate his rights.  *Id*.  He also states that the Bibb County Sheriff's Office defamed his character and damaged his reputation and business.  *Id*. at 4.  But Plaintiff provides no factual support for these conclusory allegations.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 545, 555 (2007) (citation omitted) (stating that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Given Carlan's pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims.  *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010).  The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the review required by § 1915(e)(2)(B).  *Hoefling v. City of*

4

*Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

It is, therefore, **ORDERED** that if Carlan wishes to proceed with this action, he complete the enclosed Complaint for Violation of Civil Rights (Non-Prisoner) in full.  In the heading of the complaint, Carlan must list the name (or a description to specific it would allow for identification and service) of each defendant he seeks to sue.  In section C of the Statement of Claims section, Plaintiff must again write the name of each defendant and tell the Court the (1) what this defendant did or did not do that violated your rights; (2)  when and where each action occur; (3) how you were injured as a result of this defendant's actions, inactions, or decisions; and (4) what relief you seek from this defendant?  Carlan is advised that he must link any claims he makes to a named defendant or the claim will be dismissed.  Carlan must provide more than conclusory allegations in his amended complaint.  He must allege enough facts to plausibly demonstrate that the defendant's actions or omissions resulted in the violation of his rights.

Plaintiff should state his claims as simply as possible; he need not use legal terminology or cite any specific statute or case law to state a claim.  The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.[1]

---

[1] Plaintiff should be aware that he cannot prosecute anyone for kidnapping under 18 U.S.C. 1201.  Doc. 1 at 4; *See Otero v. U.S. Att'y Gen*., 832 F.2d 141, 141 (11th Cir. 1987) (stating, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another"); United States v. Nixon, 418 U.S. 683, 693 (1974) (observing that "the Executive Branch has "exclusive authority and absolute discretion to decide whether to prosecute a case").  Additionally, 10 U.S.C. § 897 is a provision in the Unform Code of Military Justice, which appears inapplicable to Plaintiff's action.

Plaintiff is cautioned that the opportunity to amend his complaint is not an invitation for him to include every imaginable claim that he may have against any official. Plaintiff should be aware that he will only be permitted to join claims against multiple defendants in one action if those claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and raise a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). A claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). If Plaintiff cannot demonstrate a "logical relationship" between his claims, the unrelated claims will be dismissed.

Plaintiff's amended complaint should be no longer than 10 pages. In other words, while Plaintiff may attach additional pages to the Complaint for Violation of Civil Rights (Non-Prisoner), the total number of pages should be no more than 10.

### III. CONCLUSION

For the foregoing reasons, Carlan's motion to proceed IFP (Doc. 4) is **GRANTED**. Carlan is **ORDERED TO AMEND** his complaint as stated in this order within twenty-one days of the entry of this order. The Clerk of Court is **DIRECTED** to forward to Plaintiff the standard Complaint for Violation of Civil Rights (Non-Prisoner) with this civil action number on it. Should Plaintiff fail to fully and timely comply with this order, his action will be dismissed.

**SO ORDERED**, this 20th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
