# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JAMES THOMAS CARLAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:24-cv-453 (MTT)** |
| ) | |
| **MACON-BIBB COUNTY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## ORDER

Plaintiff James Thomas Carlan filed this pro se lawsuit and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). Docs. 1; 2. On March 20, 2025, the Court granted Carlan's motion to proceed IFP and found his complaint deficient pursuant to 28 U.S.C. § 1915(e). Doc. 5. Carlan was thus ordered to recast and has since filed an amended complaint[1] along with two motions for an extension to amend his recast complaint in the event the Court finds that it is deficient. Docs. 6; 7; 9. After screening Carlan's recast complaint pursuant to 28 U.S.C. § 1915(e), the Court allows only Carlan's failure to protect claim against Corporal Fluornoy to proceed. Accordingly, Carlan's motions to amend (Docs. 7; 9) are **DENIED** without prejudice and it is hereby **ORDERED** that service be made on the defendant by the United States Marshal Service. All other claims and defendants are **DISMISSED** without prejudice. If Carlan learns of additional facts in response to his pending requests for information, he may seek leave to amend his complaint to add additional claims or defendants.

---

[1] Carlan filed his recast complaint on April 15, 2025, signed April 10, 2025. Doc. 6. Carlan then filed a second recast complaint on May 13, 2025, also signed April 10, 2025. Doc. 10. As far as the Court can tell, there is no material difference between these two documents.

## I. DISCUSSION

Because Carlan is proceeding IFP, the Court must review and dismiss his amended-recast complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Carlan alleges a series of seemingly unrelated violations of state and federal law, including religious discrimination, unlawful search and seizure, denial of due process, cruel and unusual punishment, and retaliation by various unidentified correction officials.  Doc. 6.  Carlan also attempts to assert further unrelated claims for conspiracy, defamation, theft, obstruction of justice, and alleged violations of county policies.  *Id.*  He identifies seven individuals as defendants in their individual and official capacities, as well as the Macon-Bibb County Government, an "UNKNOWN AGENT, in his individual and official capacity as a Secret Service Agent," and "JOHN DOES 1-7."  *Id.* at 1.

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*.*"  *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

The only potential claim Carlan has plausibly alleged and sufficiently connected to a named defendant is against "Corporal Flournoy, … Deputy Sheriff of Macon-Bibb County Badge Number 1717." *Id.* at 2, 5.  Specifically, Carlan alleges that following his arrest on November 3, 2024, Fluornoy allowed other inmates to threaten and physically assault him, stating she "didn't care" and "didn't see anything" despite these incidents having been recorded.[3] *Id.* at 4-5.  Carlan's allegations that he was threatened and kicked by other inmates while Fluornoy allegedly looked away and said "I don't care," plausibly allege a failure to protect claim under the Fourteenth Amendment.  *See Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1318 & n.13, 1319-20 (11th Cir. 2005).  However, Carlan otherwise fails to state a claim against Fluornoy or any other defendant.  Carlan's remaining allegations are mostly conclusory and void of factual support and/or not linked to a named defendant.  For instance, Carlan alleges: "there is a bond, and money made from this incident off of him, and [he] even had to use his own money to bail himself out," which Carlan claims "is paramount to theft." Doc. 6 at 5.  These allegations not only fail to state a claim but also are not linked to any of the named defendants.  Accordingly, all other claims and defendants are hereby **DISMISSED** without prejudice, and Carlan's motions for an extension to recast (Docs. 7; 9) are also **DENIED** without prejudice.  Should Carlan learn of additional facts in response to his pending requests for information related to the circumstances of his detention, Carlan may seek leave to amend his complaint to add additional claims or defendants.

---

[3] Carlan also alleges Flournoy denied him food and water in violation of his religious practices and his rights as an ordained minister under the jail's inmate handbook.  Doc. 6 at 5. However, Carlan fails to identify what religious practice was burdened or how the denial impacted his ability to practice his faith and thus fails to state a claim based on an alleged violation of his religious rights.

Carlan, however, is cautioned that the opportunity to amend his complaint is not an invitation for him to include every imaginable claim that he may have against any defendant.  Carlan should be aware that he will only be permitted to join claims against multiple defendants in one action if those claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and raise a "question of law or fact common to all defendants."  Fed. R. Civ. P. 20(a)(2).  A claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).  If Carlan cannot demonstrate a "logical relationship" between his claims, leave to amend will be denied.

## II. CONCLUSION

For the foregoing reasons, only Carlan's failure to protect claim against Corporal Fluornoy may proceed for further factual development and Carlan's motions for an extension to amend (Docs. 7; 9) are **DENIED** without prejudice.

Accordingly, it is **ORDERED** that service be made on the defendant by the United States Marshal Service.

Carlan is advised that he must serve upon opposing counsel (or the defendants if they are not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court.  Fed. R. Civ. P. 5(a).  Carlan shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to the defendants or their counsel.  The Clerk of Court will not serve or forward to the defendants or their counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Carlan is responsible for diligently prosecuting his complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Carlan is required to keep the Clerk of Court advised of his current address during the pendency of this action.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action

**SO ORDERED**, this 12th day of June, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT