**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JAMES THOMAS CARLAN,** ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:24-cv-453 (MTT)** |
| ) | |
| **Corporal CYNTHIA FLOURNOY,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

On April 24, 2026, the Court denied Plaintiff's motion for leave to file a second amended complaint because the proposed complaint would be subject to dismissal as an impermissible shotgun pleading. ECF 42. Plaintiff moves for reconsideration, arguing the Court's "characterization fundamentally misapprehends the nature of Plaintiff's claims and contradicts binding Supreme Court precedent regarding what constitutes a single transaction or occurrence." ECF 43 at 1.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (citation modified). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do

more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

Plaintiff first argues the Court clearly erred because "a continuous ten-day detention arising from a single arrest cannot constitute a 'shotgun pleading.'" ECF 43 at 1 (capitalization removed). The Court disagrees. As explained in the order denying Plaintiff's motion for leave to amend, there are four main types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separate[] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); ECF 42 at 4. Plaintiff's argument that the proposed second amended complaint asserts related claims is beside the point. The proposed second amended complaint fails in multiple respects, such that the Court is unsure which causes of action Plaintiff intends to assert at all.

Plaintiff next argues that the Court's order contradicts its "prior authorization" for Plaintiff to seek leave to amend. ECF 43 at 3. As explained in the order, the Court previously stated that Plaintiff could move for leave to amend should he learn of

additional facts relating to the circumstances of his detention. ECF 11 at 3; ECF 42 at 6 n.4. The Court did not, however, invite Plaintiff to file a shotgun pleading. Thus, the Court's order denying leave to file a second amended complaint because it was an impermissible shotgun pleading does not contradict the Court's "prior authorization."

Plaintiff argues that the proposed second amended complaint identified which defendants committed each alleged constitutional violation, contrary to the Court's characterization. The Court observed:

> The proposed complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" . . . . For example, Counts V and VI are brought against "all defendants" but largely fail to specify how each defendant violated Plaintiff's constitutional rights. ECF 37-2 at 10–11 (capitalization removed).

ECF 42 at 5. The Court also noted an exception to this observation, "[Plaintiff] specifies how Defendants Richardson and Robinson violated his rights in Count V and how Defendant Flournoy violated his rights in Count VI." *Id.* at 6 n.3; ECF 37-2 ¶¶ 83–95. The Court's observation is not erroneous.

Plaintiff admits "[t]he Court previously dismissed claims because Plaintiff could not identify unnamed officers" and that he attempted to assert claims against fictitious defendants in his proposed second amended complaint. ECF 43 at 4–5. But he argues, without citing any authority, that "federal courts routinely permit John Doe pleading when the plaintiff cannot ascertain the defendants' identities without discovery, particularly in civil rights cases involving law enforcement." *Id.* at 5. As previously explained, the Court is aware of authority stating the opposite—in general, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734,

738 (11th Cir. 2010); *see* ECF 5 at 3; ECF 42 at 5–6. Plaintiff's perfunctory assertion that the Court erred is unconvincing.

Plaintiff says he possesses video and audio recordings as well as photographs "documenting officers committing violations" that "would allow identification of these officers through discovery." ECF 43 at 4. Even assuming the video and audio recordings and photographs could sufficiently facilitate identification and service, the proposed second amended would still be subject to dismissal for the other reasons discussed in the Court's order denying leave to amend. *See* ECF 42. For example, it is unclear what causes of action the proposed second amended complaint asserts. *See id.* at 4–5.

In short, Plaintiff has not shown that the Court erred, much less that the "extraordinary remedy" of reconsideration is warranted. Accordingly, the motion for reconsideration (ECF 43) is **DENIED**.

**SO ORDERED**, this 17th day of June, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT